THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MAX POLLOCK, Appellant.

Third Department, June 21, 1929.

*Ellsworth Baker*, for the appellant.

*Hamilton Ward, Attorney-General* [*George L. Flanders* and *Louis B. Shay* of counsel], for the respondent.

PER CURIAM. The issue in the case was whether, on August 12, 1927, the defendant sold to State inspectors for sour cream an article that was not sour cream and which did not come up to the standard specified in the statute for sour cream. No question was raised as to the analysis of the article sold, the defendant having stipulated on the trial that the analysis showed less than eighteen per cent of fat, namely, fourteen and a half per cent of fat. The question submitted to the jury without objection was whether the article was sold as sour milk and cream, as testified to by the defendant, or as sour cream, as testified to by the People's witnesses. There was sufficient evidence to sustain the verdict of the jury against the defendant on that question.

One exception taken at the trial as to the reception of evidence presents the only question raised on this appeal. At the time of the sale, one of the inspectors procured two half pint department bottles into which the defendant poured the sour milk and cream which he sold. There was evidence that the other inspector wrote labels in duplicate for these bottles in the presence of the defendant, stating the date and the words " Sold as sour cream," after asking in the presence of defendant the question, " Is this sour cream? " to which the first inspector replied that it was and the defendant remained silent. There was proof also that, after affixing the labels, both bottles were placed on the counter before the defendant who was told to take his choice, as the law required that one be left with him and the other be forwarded by the inspectors for analysis; that the defendant picked up one bottle, looked at it and offered to return the money paid by the inspector for the article sold. The label was offered and received in evidence over the objection of defendant's counsel that it was a self-serving declaration. The plaintiff's counsel disclaimed any purpose to prove or attempt to prove that the label was evidence in itself that sour cream was sold; and the court in its charge, at the request of the attorney for the defendant, charged the jury that the defendant was " not bound by any words written by either inspector, whether in his presence or otherwise, unless he had knowledge of their writing these words." The jury could find that the defendant heard the question regarding sour cream and saw the words on

the label and, if he was not selling this article as sour cream, that it would have been natural for him to have denied the statement. This he did not do but kept silence under circumstances justifying the inference of assent or acquiescence as to the truth of the statement. " Declarations or statements made in the presence of a party are not received as evidence in themselves, but for the purpose of ascertaining the reply the party to be affected makes to them. They are only competent when the person affected hears and fully comprehends the effect of the words spoken and when he is at full liberty to make answer thereto, and then only under such circumstances as would justify the inference of assent or acquiescence as to the truth of the statement, by his remaining silent." (*People* v. *Kennedy,* 164 N. Y. 449, 457, and cases cited. See, also, *Stecher Lithographic Co.* v. *Inman,* 175 N. Y. 124, 128; *Wallace* v. *Wallace,* 158 App. Div. 273, 276; *Leggett* v. *Schwab,* 111 id. 341, 342; Chamberlayne Ev. §§ 1421 *et seq.*) While the court might have more fully developed the rule for the benefit of the jury, it was given as fully as requested and the complaint now made by appellant that the label should not have been received in evidence is not justified.

The judgment and order should be affirmed, with costs.

VAN KIRK, P. J., HINMAN, DAVIS and WHITMYER, JJ., concur; HASBROUCK, J., concurs in result.

Judgment and order affirmed, with costs.